United States District Court
District of Massachusetts

|  |  |
|---|---|
| FIREMEN'S INSURANCE COMPANY OF WASHINGTON, D.C., ) ) ) ) Plaintiff, ) ) v. ) ) ACE AMERICAN INSURANCE COMPANY, ) THOMAS J. STORY and AEROTEK, ) INC., ) ) Defendants. ) ) WEGMANS FOOD MARKETS, INC., MP ) MASONRY INC., JOSEPH F. HOLGUIN ) and LAURA HOLGUIN, ) ) Interested Parties. ) ) ACE AMERICAN INSURANCE COMPANY, ) ) Counter Claimant, ) ) v. ) ) FIREMEN'S INSURANCE COMPANY OF ) WASHINGTON, D.C., ) ) Counter Defendant. ) ) | Civil Action No. 19-10129-NMG |

**MEMORANDUM & ORDER**

**GORTON, J.**

This case arises out of a dispute between two insurance companies as to which one will be required to pay attorneys' fees incurred and any judgment that may be entered in an underlying personal injury lawsuit pending in the Massachusetts

Superior Court ("the State Action"). The plaintiff-counter defendant is Firemen's Insurance Company of Washington, D.C. ("Firemen's" or "plaintiff") and the defendant-counter claimant is ACE American Insurance Company ("ACE"). Before this Court is the motion of co-defendants Aerotek, Inc. ("Aerotek") and Thomas J. Story ("Story") to dismiss the complaint for failure to state a claim or, in the alternative, to transfer venue to the United States District Court for the Western District of New York.

I. **Background**

    A. **The Parties and the Accident**

Firemen's and ACE are insurance providers that offer various kinds of insurance to businesses, including commercial general liability insurance. Wegmans Food Markets, Inc. ("Wegmans"), an interested party, is a supermarket chain with numerous locations throughout New England headquartered in Rochester, New York. MP Masonry Inc. ("MP Masonry") is a subcontractor that provides commercial masonry services in the New England area. Aerotek is a global recruiting and staffing agency that situates employees with employers to perform particular services. One of its employees was Story. Firemen's provides general liability insurance for MP Masonry under a policy that includes an "additional insured" endorsement to add any person or entity with which MP Masonry agrees contractually but only with respect to liability for bodily injury. ACE

provides general liability insurance for Aerotek in a policy that allegedly includes Wegmans as an "additional assured" and affords "insured contract" coverage for the contractual defense and indemnity obligations owed by Aerotek to Wegmans.

In February, 2012, Wegmans entered into a "Temporary Labor Procurement Agreement" with Aerotek ("the Staffing Agreement") whereby Aerotek became obligated to select and assign Aerotek employees (so-called "Vendor Assigned Employees") to perform services for Wegmans.  In May, 2014, Wegmans entered into a "Standard Contract for Construction" with MP Masonry ("the Construction Subcontract") whereby MP Masonry agreed to perform masonry work at a Wegmans supermarket being constructed in Burlington, Massachusetts.  Pursuant to the Staffing Agreement, Aerotek assigned several employees to provide construction supervision services for the project.  Among those assigned employees was Story who acted as foreman for the construction project.  A diagram may be worth a thousand words.



In July, 2014, Joseph Holguin ("Holguin"), an employee of MP Masonry, sustained serious injuries when a scaffold collapsed at the project site. He subsequently received substantial workers' compensation benefits. In August, 2015, Holguin and his wife filed claims for 1) negligence, 2) loss of consortium and 3) vicarious liability against Wegmans, Aerotek and Story. Only Wegmans and Story remain as defendants in the State Action. In that case, Wegmans has demanded that MP Masonry defend and indemnify it pursuant to an indemnification clause in the Construction Subcontract. Firemen's asserts that, on behalf of its insured (MP Masonry), it has paid over $78,000 in defense costs incurred thus far by Wegmans in the State Action.

**B.   The Relevant Contractual Provisions**

The Staffing Agreement defines the relationship between Aerotek's assigned employees and Wegmans as follows:

> [T]he relationship between both [Aerotek] and each of its Vendor Assigned Employees, respectively, vis-à-vis Wegmans hereunder is that of an independent contractor, and nothing set forth herein shall be deemed to render the parties as joint venturers, partners or employer and employee.

The Staffing Agreement also requires Aerotek to maintain commercial general liability insurance that names Wegmans as an additional insured and obligates Aerotek to defend and indemnify Wegmans and its agents against any claims related to services provided under the agreement.  Finally, the Staffing Agreement contains the following forum-selection clause:

> [W]ith respect to any matter arising under this Agreement, the parties specifically consent and agree that the courts of the State of New York and/or the Federal Courts located in the State of New York will have exclusive jurisdiction over each of the parties and over the subject matter of any such proceedings, and that the venue of any such action will be in Monroe County, New York and/or the U.S. District Courts for the Western District of New York.

Similarly, the Construction Subcontract requires MP Masonry to maintain general liability insurance protecting itself and Wegmans as an additional insured against claims for bodily injury arising from services performed under the contract.  The Construction Subcontract also obligates MP Masonry to defend and indemnify Wegmans and its agents, employees and representatives against all such claims.  Finally, the Construction Subcontract provides that

> [MP Masonry] hereby voluntarily and irrevocably submits itself to the jurisdiction and venue of any

court of competent jurisdiction over the subject matter of this Agreement located within the State of New York . . . [and] [a]ny litigation brought by [MP Masonry] based on or arising out of this Agreement shall be brought only in the Supreme Court of the State of New York sitting in Monroe County or in any Federal District Court in the City of Rochester, New York.

**C.   Procedural History**

In January, 2019, Firemen's filed this action for declaratory relief pursuant to 28 U.S.C. § 2201 in an effort to recover from ACE, Aerotek and/or Story portions of the costs Firemen's incurred in the State Action.  Specifically, Firemen's seeks declaratory judgments that:

1) Story does not qualify as an "insured" or "additional insured" under the Firemen's policy and thus Firemen's has no duty to defend or indemnify Story in the underlying State Action (Count I);

2) Story is not an intended beneficiary of the contractual defense and indemnity obligations owed by MP Masonry to Wegmans under the terms of the Construction Subcontract and thus cannot seek to enforce those contractual obligations (Count II);

3) due to Wegman's status as an "additional insured" under the ACE policy, ACE must reimburse Firemen's for one half of any defense or indemnity costs that Firemen's has

> incurred or may be required to pay on behalf of Wegmans (Count III); and
>
> 4) the contractual defense and indemnification obligations owed by Aerotek to Wegmans are covered by the ACE policy and that ACE be required to reimburse Firemen's for any defense or indemnity costs incurred by Firemen's or that it may be required to pay on behalf of Wegmans (Count V).

In addition to that declaratory relief, Firemen's also seeks monetary damages from Aerotek for the amount of defense and/or indemnity costs that Firemen's has incurred or may be required to pay on behalf of Wegmans (Count IV) as well as monetary damages from ACE to the extent that ACE fails to satisfy its declared obligations in Counts III and V.

ACE has filed an answer to the complaint and counterclaims seeking declaratory judgments that ACE has no primary defense or coverage obligations to Wegmans under either the "additional insured—designated person or organization" or the "additional insured where required by written contract" endorsements in its policy and therefore owes no obligations to Firemen's.

In March, 2019, defendants Aerotek and Story filed a motion to dismiss for failure to state a claim or, in the alternative, to transfer the case to the United States District Court for the Western District of New York.  They submit that all of Firemen's claims arise out of and relate to the Staffing Agreement and the

Construction Subcontract because each of those claims requires this Court to interpret and enforce the rights of the various parties under those agreements. Aerotek and Story therefore declare that Firemen's is bound by the mandatory forum-selection clauses contained therein and that this Court must either dismiss those claims or transfer this case to the pre-selected forum.

Firemen's concedes that the subject contracts contain valid forum-selection clauses but asserts that such clauses do not apply to four of its five claims which do not arise out of the contracts. With respect to Counts I and II against Story, Firemen's contends that it was not a party to the Construction Subcontract between Wegmans and MP Masonry and thus its claims against those parties are not subject to the forum-selection clause. Similarly, as to Counts III and V against ACE, Firemen's asserts that ACE was not a party to the Staffing Agreement between Wegmans and Aerotek and thus the forum-selection clause does not apply to Firemen's claims against ACE. Firemen's admits that Count IV against Aerotek for damages arises out of the Staffing Agreement between Wegmans and Aerotek such that the forum-selection clause of that contract applies but submits that to transfer only that one claim would be unreasonable under the circumstances.

## II. Motion to Transfer Pursuant to a Forum-Selection Clause

### A. Legal Standard

The United States Supreme Court has held that the appropriate mechanism to enforce a forum-selection clause in a contract is through a motion to transfer under 28 U.S.C. § 1404(a). Atl. Marine Constr. Co. v. U.S. Dist. Court for W. Dist. of Tex., 571 U.S. 49, 58-59 (2013).  Under § 1404(a), a district court may transfer a civil action to any other district where it might have been brought

> [f]or the convenience of parties and witnesses, in the interest of justice.

The Court held that when a defendant files a motion to transfer pursuant to a forum-selection clause

> a district court should transfer the case unless extraordinary circumstances unrelated to the convenience of the parties clearly disfavor a transfer.

Atl. Marine, 571 U.S. at 52.

> [T]he threshold question in interpreting a forum selection clause is whether the clause at issue is permissive or mandatory.

Claudio-De Leon v. Sistema Universitario Ana G. Mendez, 775 F.3d 41, 46 (1st Cir. 2014) (explaining that "mandatory forum selection clauses contain clear language indicating that jurisdiction and venue are appropriate exclusively in the designated forum" (quoting Rivera v. Centro Médico de Turabo, Inc., 575 F.3d 10, 17 (1st Cir. 2009))).  The First Circuit

Court of Appeals has found words such as "shall" or "will be submitted to", which carry a "mandatory sense", to demonstrate the parties' exclusive commitment to the named fora. Barletta Heavy Div., Inc. v. Erie Interstate Contractors, Inc., 677 F. Supp. 2d 373, 376 (D. Mass. 2009) (citing Summit Packaging Sys., Inc. v. Kenyon & Kenyon, 273 F.3d 9, 12 (1st Cir. 2001)).

Once it is determined that a forum-selection clause is mandatory, the next step in evaluating its applicability is to ascertain its scope which "is a clause-specific analysis". Claudio-De Leon, 775 F.3d at 47.  While a non-party to a contract containing a forum-selection clause may be bound by such a clause, that party must be closely related to the dispute such that it becomes foreseeable that the non-party will be bound. Barletta, 677 F. Supp. 2d at 379 (citing Hugel v. Corp. of Lloyd's, 999 F.2d 206, 209 (7th Cir. 1993)); see also Manetti-Farrow, Inc. v. Gucci Am., Inc., 858 F.2d 509, 514 n.5 (9th Cir. 1988) (explaining that "a range of transaction participants, parties and non-parties, should benefit from and be subject to forum selection clauses" and holding "that the alleged conduct of the non-parties is so closely related to the contractual relationship that the forum selection clause applies to all defendants" (citation omitted)).

A mandatory forum selection clause that encompasses the dispute between the parties carries a "strong presumption of

enforceability". Rivera, 575 F.3d at 18; see also Claudio-De Leon, 775 F.3d at 48 ("A forum selection clause is prima facie valid and, absent a strong showing by the resisting party that the clause is unreasonable under the circumstances, it should not be set aside." (internal quotation marks omitted) (quoting M/s Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10 (1972))).

Indeed, "A valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases". Atl. Marine, 571 U.S. at 63 (alteration in original) (quoting Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 33 (1988) (Kennedy, J., concurring)).  Accordingly, the plaintiff's choice of forum "merits no weight". Id.  Furthermore, a district court "should not consider arguments about the parties' private interests" because those private interests "weigh entirely in favor of the preselected forum" by virtue of the forum-selection clause. Id. at 64 (explaining that where a valid forum-selection clause exists, the parties are deemed to have waived any objections to the pre-selected forum).

In deciding whether to transfer a case based on a mandatory forum-selection clause, the district court may consider only the public-interest factors which will rarely defeat a motion to transfer. Id.  Those factors include

> the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having

>     the trial of a diversity case in a forum that is at home
>     with the law.

Id. at 62 n.6 (quoting Piper Aircraft Co. v. Reyno, 454 U.S. 235, 241 n.6 (1981)).  The burden of showing that the public-interest factors overwhelmingly disfavor the requested transfer rests on the nonmoving party. See id. at 67.  Finally, when a plaintiff who is contractually obligated to file suit in a specific forum flouts that duty, a transfer of venue under § 1404(a) "will not carry with it the original venue's choice-of-law rules". Id. at 64-65.

The Supreme Court in Atlantic Marine expressly declined to consider whether a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) is a proper alternative for enforcement of a forum-selection clause. Id. at 61.  In this Circuit, a valid forum-selection clause can also be enforced through a Rule 12(b)(6) motion. Claudio-De Leon, 775 F.3d at 46.

**B.  Application**

Firemen's does not contest that the Staffing Agreement and the Construction Subcontract both contain a valid forum-selection clause or that those clauses are mandatory.  The Court independently concludes that those provisions contain mandatory language  requiring that any claim arising out of those contracts be brought in a New York state court or in the federal court in the Western District of New York ("any such action will

-12-

be in . . ." and "[a]ny litigation . . . shall be brought only in . . ."). Rather, plaintiff argues that four of its five claims do not arise out of those contracts because neither Firemen's nor ACE was a party to them. Plaintiff suggests that for a non-party to be bound by a forum-selection clause, it must have gained some direct benefit from the agreement.

The language in the relevant caselaw is not, however, that restrictive. Rather, a non-party may be bound by a forum-selection clause where that party is closely related to the <u>dispute</u> such that it becomes foreseeable that it will be bound. <u>Hugel</u>, 999 F.2d at 209. Indeed, at least one court has specifically rejected the argument that a non-party must be a third-party beneficiary to the contract in order to be bound by a forum-selection clause. <u>Id.</u> at 209 n.7.

It was certainly foreseeable that both Firemen's and ACE (both of which provided general liability insurance to Wegmans via the contracts between Wegmans and their respective insureds) might have to indemnify Wegmans by virtue of the Construction Subcontract and the Staffing Agreement. The contractual relationship between Firemen's and MP Masonry and ACE and Aerotek respectively renders the insurance companies closely related to the present dispute because plaintiff's claims relate directly to the defense and indemnification obligations

allegedly owed to Wegmans under the Construction Subcontract and the Staffing Agreement.

Moreover, all of Firemen's claims arise out of the two agreements. In Count I, plaintiff requests a declaration that Story does not qualify as an "insured" or "additional insured" under the policy issued to MP Masonry. In that count, Firemen's asserts that

> [t]here is no written contract or agreement obligating MP Masonry to have purported employees or agents of Wegmans (as opposed to Wegmans, itself) added as "additional insureds" to MP Masonry's insurance.

To make that determination, however, the Court will need to interpret the Construction Subcontract between Wegmans and MP Masonry which defines who qualifies as an additional insured under the contract.

Similarly, as to Count II, Firemen's requests a declaration that Story is not an intended beneficiary of the indemnification provision in the Construction Subcontract between Wegmans and MP Masonry and thus cannot enforce that provision. To resolve that issue, the Court will need to interpret and enforce provisions of both the Construction Subcontract (to determine whether Story is an agent, employee or representative of Wegmans under the indemnification provision) and the Staffing Agreement (to determine the intended relationship between Story and Wegmans

under the description of "Vendor Assignment Employees"). Both of those counts of the complaint "arise" from the contracts.

Furthermore, in Counts III and V, Firemen's seeks declarations respectively that 1) Wegmans qualifies as an "additional insured" under the ACE policy and 2) the ACE policy affords "insured contract" coverage for the contractual defense and indemnification obligations owed by Aerotek to Wegmans under the Staffing Agreement. Firemen's contends that Wegmans was entitled to coverage under the ACE policy as an "additional assured" pursuant to the Staffing Agreement with Aerotek which defines the scope of the coverage and kind of insurance policy to which Wegmans is entitled as an "additional insured". A determination of the extent to which ACE must provide coverage to Wegmans (as either a "primary" insurer or through "excess" coverage) therefore requires an interpretation of the Staffing Agreement such that both of those counts "arise" from the agreement.

Finally, plaintiff concedes that Count IV of the complaint seeking an award of damages for contractual defense and indemnification obligations owed by Aerotek to Wegmans arises out of the Staffing Agreement and is thus subject to that agreement's forum-selection clause.

Plaintiff has not even argued that the forum-selection clauses in the subject contracts are unenforceable based on

public-interest factors or that enforcement thereof would be unreasonable under the circumstances, let alone made a strong showing to that effect.[1] See Atl. Marine, 571 U.S. at 67; Claudio-De Leon, 775 F.3d at 48.  The Court concludes that the forum-selection clauses are valid and enforceable and the appropriate resolution is to transfer this case to the agreed-upon forum.  The Court declines to address defendants' related motion to dismiss for failure to state a claim.

### ORDER

For the foregoing reasons, the motion of Aerotek and Story to dismiss the complaint for failure to state a claim or, in the alternative, to transfer venue to the United States District Court for the Western District of New York (Docket No. 11) is

1) with respect to the motion to transfer venue to the Western District of New York, **ALLOWED,** and

2) with respect to the motion to dismiss, **DENIED as moot.**

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated July 8, 2019

---

[1] Although plaintiff, in its opposition to the motion of defendants Aerotek and Story, argued that application of the forum-selection clauses would be unreasonable because four of its five claims did not arise from the subject contracts, the Court's contrary conclusion negates that contention.